UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-442-H

JAMES CLARKSON                                                                                       PLAINTIFF

V.

FRITO LAY, INC.                                                                                          DEFENDANT

**MEMORANDUM OPINION**

This is a discrimination case in which Plaintiff, James Clarkson, alleges that Defendant, Frito Lay, Inc., terminated him due to his race. Defendant says that it terminated Plaintiff because he had been drinking prior to coming to work and then refused to take a breathalyzer test. Discovery is complete and Defendant now moves for summary judgment.

Plaintiff has no direct evidence that his termination was due to race. Consequently, to proceed to trial he must establish a prima facie case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). By establishing a prima facie case a plaintiff creates a presumption that the employer unlawfully discriminated against the employee. Usually, a prima facie case is sufficient evidence to give to the jury. At a minimum, however, it is absolutely essential. To establish a prima facie case here, Plaintiff must prove that: (1) he belonged to a protected class, (2) he possessed qualifications for his position, (3) Defendant discharged him and replaced him with someone outside his protected class, and (4) his treatment differed from that of similarly situated individuals outside his protected class. *See Suggs v. ServiceMaster Educ. Food Management*, 72 F.3d 1228, 1232 (6th Cir. 1996). For purposes of this motion, the Court

assumes that Plaintiff can show the first three of these elements. The fourth element of the prima facie case presents more difficulty for Plaintiff.

Usually a plaintiff proves differing treatment by showing that comparable non-protected employees were treated more favorably. In *Mitchell v. Toledo Hospital*, the Sixth Circuit said, "It is fundamental that in order to make a comparison of a discrimination plaintiff's treatment to that of non-minority employees, the plaintiff must show that the 'comparables' are similarly situated *in all respects*." 964 F.2d 577, 583 (6th Cir. 1992) (citing *Stotts v. Memphis Fire Dept.*, 858 F.2d 289 (6th Cir. 1988)) (emphasis in original). Otherwise, the comparison is not meaningful and cannot create an inference of discrimination.

Plaintiff makes no serious attempt to meet the fourth element in the usual manner. He did suggest the names of several of Frito Lay employees as comparably situated. However, Plaintiff has done little more than suggest names and provide hearsay accounts of events. These employees were neither shown to be similarly situated nor treated dissimilarly. Plaintiff has presented no actual evidence showing that any supposedly similarly situated employees were treated differently. In fact, Plaintiff did not bother to contest the issue in his responsive brief. Consequently, Plaintiff has not established the fourth element of a prima facie case.

Rather than attempt to address the prima facie case requirement, Plaintiff takes another approach. He contends that various witnesses disagree about two factual issues: (1) whether Plaintiff had taken a drink prior to coming to work, and (2) whether Plaintiff refused to take a breathalyzer test. These facts do not establish differing treatment and would seem to have no bearing on the fourth element of the prima facie case. Plaintiff does not explain how the resolution of these facts in Plaintiff's favor establishes a prima facie case.

After reviewing Plaintiff's argument, it appears that he has skipped from the prima facie case criteria and proceeded directly to discrediting Defendant's supposed legitimate business reason for termination.  In this case, Plaintiff argues that Defendant was either mistaken or lying about his drinking and his refusal to cooperate.  The evidentiary problem with Plaintiff's argument is that even if true, the mistakes or lies do not allow an inference that the real reason for Plaintiff's termination was his race.  At worst, the lies suggest that Defendant had grown tired of Plaintiff's repeated use of alcohol on the work site and fabricated these charges to finally get rid of him.  This conduct may be wrong, but it does not suggest racial discrimination.  Thus, Plaintiff's argument fails due to the absence of a permissible evidentiary inference of discrimination.

Moreover, the absence of a permissible inference highlights the legal insufficiency of the evidence.  In order to have sufficient evidence to support his claim, Plaintiff must show a prima facie case and overcome evidence of Defendant's legitimate business reason for termination. The latter is of little significance without also proving the former. Without a prima facie case, the evidence that tends to discredit the legitimate business reason for the termination presents no grounds for an inference of discrimination.

Evidentiary and legal insufficiency require dismissal of this case. The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record